**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
MCALLEN DIVISION**

| | | |
|---|---|---|
| **REYMUNDO MATA** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **MAGICAL CRUISE COMPANY,** | § | **CIVIL ACTION NO. 7:17-cv-00192** |
| **LIMITED, AND STANDARD MARINE** | § | |
| **& SHIP REPAIR, LLC** | § | |

**DEFENDANT MAGICAL CRUISE COMPANY, LIMITED'S,
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

TO:    THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, MCALLEN DIVISION:

Defendant, MAGICAL CRUISE COMPANY, LIMITED ("Defendant Magical Cruise"), files this, its Response in Opposition to Plaintiff's Motion to Remand. The Court must deny remand because diversity jurisdiction exists and Plaintiff fraudulently joined Jones Act pleadings in an effort to defeat removal. In support of this response, Defendant Magical Cruise provides the following:

**I.
SUMMARY OF THE ARGUMENT**

1.1.    This Court must retain federal jurisdiction because (1) diversity jurisdiction exists, (2) Plaintiff is precluded from bringing a Jones Act claim, and (3) the Jones Act is not applicable because Plaintiff was clearly not a crewmember (i.e., not a seaman) employed by Defendant Magical Cruise on the vessel.

1.2.    Plaintiff fails to plead, as he cannot truthfully do so, that he was assigned to a particular vessel or to a fleet of vessels under common ownership, which is required for Jones Act status. In fact, Plaintiff was not a crewmember of the vessel or any fleet of vessels owned by

Defendant Magical Cruise.  Instead, he was a shore-based employee of Gulf Coast Welders Contractors, LLC, a subcontractor of Defendant Standard Marine, which performed certain maintenance on the vessel during the voyage.  Plaintiff stayed in guest stateroom aboard the vessel, executed a passenger contract, and was not listed in the Crew Manifest.

1.3.    Acknowledging that he was employed by Gulf Coast Welders Contractors, LLC, and not by Defendant Magical Cruise, Plaintiff filed a claim for benefits pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA") against Gulf Coast Welders Contractors, LLC and its LHWCA carrier, American Interstate Insurance Company.  Plaintiff collected $64,542.73 in LWHCA benefits.   After collecting $64,542.73 in LWHCA benefits from his employer and its LHWCA carrier, Plaintiff is now fraudulently claiming he was instead a seaman employed by Defendant Magical Cruise as a crewmember assigned to the vessel.  This assertion is contrary to his claim for LHWCA benefits, and this Court must reject Plaintiff's claim that he was employed as a crewmember for Defendant Magical Cruise.  By entering into a Section 8(i) settlement pursuant to the LHWCA, the precedent of the Fifth Circuit precludes a Jones Act claim.

## II.
## PROCEDURAL BACKGROUND

2.1.    This suit arises out of an incident that allegedly occurred on April 18, 2016 onboard a vessel owned by Defendant Magical Cruise: the cruise ship Disney Magic ("vessel"). Plaintiff filed his Original Petition on December 12, 2016 in the 398th District Court of Hidalgo County, and it was assigned Cause No. C-5507-16-I. Claiming seaman status, Plaintiff alleged causes of action arising under the negligence, negligence per se, and strict liability under the "Jones Act" (46 U.S.C. § 688) and the general maritime law of the United States of America.

2.2.    Defendant Standard Marine & Ship Repair, LLC ("Defendant Standard Marine"),

filed its Original Answer on January 26, 2017.

2.3.    Intervenor American Interstate Insurance Company ("Intervenor AIIC") filed its Petition in Intervention on March 29, 2017 to collect the $64,542.73 in LHWCA benefits it paid to Plaintiff.

2.4.    Plaintiff filed his First Amended Original Petition on April 10, 2017.

2.5.    Defendant Magical Cruise was served on April 24, 2017 and filed its Notice of Removal on May 18, 2017, within the 30-day time period required by 28 U.S.C. § 1446(b).

2.6.    Plaintiff filed his Motion to Remand on June 9, 2017.

**III.**
**FACTUAL BACKGROUND**

3.1.    The factual circumstances surrounding Plaintiff's employment are dispositive on the issue of whether he qualified as a seaman.  The facts establish that Plaintiff was not a seaman, and as a corollary, establish that the Jones Act is inapplicable in this case.

3.2.    Plaintiff is a resident and citizen of the State of Texas.  Defendant Magical Cruise is a corporation organized under the laws of the United Kingdom. Defendant Standard Marine is a foreign Limited Liability Company organized and existing under the laws of the State of Florida.  Intervenor AIIC is a foreign property and casualty insurer organized under the laws of the State of Georgia and redomesticated to the State of Louisiana.  Thus, there is complete diversity of citizenship of the parties, and therefore subject matter jurisdiction in this court is proper under 28 USC 1332.

3.3.    Plaintiff was not a crewmember of the vessel, but instead a shore-based employee of Gulf Coast Welders Contractors, a subcontractor of Defendant Standard Marine, which performed certain maintenance on the vessel during the voyage. *See Exhibit 1, Declaration of Alan Wilson*.  Furthermore, Plaintiff was not listed in the Crew Manifest, which included each

crewmember's name, department, and position aboard the vessel.   See *Exhibit 1A, Crew Manifest.*  Consistent with the fact that Plaintiff was not a crewmember, Plaintiff stayed in guest stateroom 1073 and executed a passenger contract.   *See Exhibit 1B, Passenger Contract.*  The foregoing facts clearly establish that Plaintiff was not a crewmember aboard the vessel.

3.4.    While working onboard the vessel on April 18, 2016, Plaintiff injured his left hand while "grinding a bolt into the metal ceiling of the vessel."  Plaintiff was performing this work pursuant to a purchase order issued to Defendant Standard Marine.  *Exhibit 1, Wilson Declaration*. Also consistent with the fact that that Plaintiff was not a crewmember, Plaintiff collected LHWCA benefits as a result of his work-related injury.

3.5.    Plaintiff filed an LHWCA claim against his employer, Gulf Coast Welding Contractors, LLC, and Intervenor AIIC.  Intervenor AIIC is the LHWCA carrier for Plaintiff's employer, Gulf Coast Welding Contractors, LLC. Intervenor AIIC paid a total of $64,542.73 in LHWCA benefits to Plaintiff, which comprised of: (1) $44,419.02 in compensation benefits (inclusive of $7,500 toward settlement per Section 8(i) of the LHWCA) and $20,123.71 in medical treatment (inclusive of $500 for medical per Section 8(i) of the LHWCA).  *See Exhibit 2, Intervenor AIIC's Petition in Intervention.* On February 16, 2017, Plaintiff executed a final settlement pursuant to Section 8(i) of the LHWCA.  *See Exhibit 3, Plaintiff's LHWCA Section 8(i) Settlement.*

## IV.
## EVIDENCE IN SUPPORT OF REMOVAL

4.1.    In addition to the verified Petition for Removal, Defendants submit the following in support of the Petition for Removal and opposition to Plaintiff's Motion to Remand:

Exhibit 1 -    Declaration of Alan Wilson

Exhibit 1A -    Crew Manifest

Exhibit 1B -    Payment Authorization/Passenger Contract

Exhibit 2 -    American Interstate Insurance Company's Petition in Intervention

Exhibit 3 -    True and correct copy of Plaintiff's LHWCA 8(i) Settlement in the United States Office of Workers' Compensation Programs Seventh Compensation District.

**V.**
**ARGUMENTS & AUTHORITIES**

**A. Plaintiff's argument that Defendant Magical Cruise cannot raise fraudulent joinder is misplaced and incorrect.**

5.1.    Contrary to Plaintiff's contention, Defendant Magical Cruise is not barred from raising the fraudulent joiner rule.  In support of Plaintiff's contention that Defendant Magical Cruise cannot argue fraudulent joinder, Plaintiff cites *Waddell v. Edison Chouest Offshore*, No. G-14-170, 2015 U.S. Dist. LEXIS 34816 (S.D. Tex. March 20, 2015), a case wherein Judge Melinda Harmon cited the following language in *Barron v. Miraglia*:

> It would be substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.

2004 WL 1933225, at *3 (N.D. Tex. Aug. 30, 2004) (citing *Hinojosa v. Perez*, 214 F.Supp.2d 703, 707 (S.D. Tex. 2002)

5.2.    *Waddell* does not apply.  In *Waddell*, the Defendant completely failed to raise diversity jurisdiction as grounds for removal, and instead raised diversity jurisdiction for the first time in its response to the plaintiff's motion to remand.  The plaintiff in *Waddell* successfully argued that the defendant could not argue diversity jurisdiction in its response to the plaintiff's motion to remand because the defendant had not argued diversity jurisdiction in its notice of removal, which prompted the *Waddell* court to explain:

> It would be substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.

*Waddell*, 2015 U.S. Dist. LEXIS 34816 at 724-724.  As the Court can see, Plaintiff, Reymundo Mata, improperly attempts to use this language in *Waddell* for the proposition that Defendant Magical Cruise cannot raise fraudulent joinder in this response to his Motion to Remand.

5.3.    First, it is immediately clear that unlike the plaintiff in *Waddell*, Defendant Magical Cruise's primary basis for removal is diversity jurisdiction.  See *Defendant Magical Cruise's Notice of Removal* (Dkt. 1).   Second, Defendant Magical Cruise's assertion that diversity jurisdiction exists and serves as a proper basis for removal necessarily provides the avenue for opposing remand on the basis of fraudulent joinder.  In other words, Defendant Magical Cruise's reliance on diversity jurisdiction as proper grounds for removal necessarily attacks via fraudulent joinder Plaintiff's reliance on the Jones Act as a basis of remand. Furthermore, asserting fraudulent joinder in support of retaining federal jurisdiction on the basis of diversity jurisdiction is certainly **<u>not</u>** an attempt to "justify removal on an entirely different ground [from its Notice of Removal]," as Plaintiff asserts in his Motion to Remand citing *Waddell*.

5.4.    Accordingly, this Court must retain jurisdiction on the basis of diversity jurisdiction because Plaintiff fraudulently joined Jones Act pleadings in an effort to prevent removal, despite the fact that the Jones Act is inapplicable to this case.

**B.  Plaintiff's Jones Act claim is fraudulently joined because Plaintiff was not a seaman.**

5.5.    Plaintiff's claims were properly removed because (1) there is a complete diversity of citizenship among the parties, (2) the Jones Act is not applicable, as Plaintiff is not a seaman, and (3) Plaintiff fraudulently joined Jones Act pleadings to defeat removal.  Although causes of action that are legitimately brought under the Jones Act are not removable, where the Jones Act allegation is not sustainable, the matter may be removed under the "fraudulent joinder" rule.

5.6.    In considering the allegations of fraudulent Jones Act pleading and fraudulent joinder to defeat removal, the court is not limited to the precise language of Plaintiff's state court pleading, but may look beyond the allegations of the state court pleading and the facts underlying those allegations.  *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980); *Hale v. Tata Corp.*, 502 F. Supp. 502, 504 (S.D. TX 1980).  The court is to follow a summary judgment like proceeding when considering remand of such cases.  *Carrere v. Sears Roebuck & Company,* 893 F.2d 98, 100 (5th Cir.) cert. denied 112 Law Ed. 2d 35 (1990).

5.7.    Contrary to Plaintiff's assertion that "the Jones Act allegation mandates [remand]," the mere assertion by Plaintiff that this is a Jones Act case is not sufficient to defeat removal.   Plaintiff's pleading that he is a seaman is deficient because it is devoid of any pleadings (or facts) that he was assigned to a particular vessel or to a fleet of vessels under common ownership, which is required for Jones Act status.  *Harbor Tug and Barge Company v. Papai,* 520 U.S. 548, 560 (1997).  The evidence herein conclusively establishes that plaintiff was not employed by Defendant Magical Cruise, and an employee-employer relationship is a required element for a Jones Act claim.  46 U.S.C. § 30104.

5.8.    As set forth in the Declaration of Alan Wilson, Plaintiff was a shore-based employee of Gulf Coast Welders Contractors, LLC, a subcontractor of Defendant Standard Marine, which performed certain maintenance on the vessel during the voyage.  *See Exhibit 1, Declaration of Alan Wilson.*  Plaintiff was not a crewmember in the employ of Defendant Magical Cruise. *Id*.  Plaintiff was considered a guest upon the vessel, which is evidenced by his passenger contract he signed.  *See Exhibit 1B*, *Passenger Contract*.  The evidence establishes that Plaintiff was not a crewmember (i.e. seaman), that Plaintiff fraudulently joined a Jones Act

claim in an effort to avoid removal.   Therefore, the Court should deny Plaintiff's Motion to Remand.

**C.  Plaintiff's claim for LHWCA benefits bars him from asserting a Jones Act claim, as his Section 8(i) settlement constitutes a formal award that precludes a Jones Act claim.**

5.9.    In *Sharp v. Johnson Bros. Corp.*, 973 F.2d 423, 426 (5th Cir. 1992), the Fifth Circuit explained that a Section 8(i) settlement constitutes a "formal award" that precludes a claim under the Jones Act.  In *Sharp*, the plaintiff pursued a LHWCA claim and Jones Act claim simultaneously. *Id.* at 424.  After a trial on the merits of plaintiff's Jones Act claim, the federal district court entered a directed verdict against the plaintiff on the grounds that he was not a seaman.  *Id.* While the plaintiff's appeal of the district court's directed verdict against him on his Jones Act claim was pending, the plaintiff settled his LHWCA claim and entered into a Section 8(i) settlement.  *Id.*   During arguments on the appeal of the district court's directed verdict against the plaintiff, no party mentioned the Section 8(i) settlement, and the *Sharp* Court reversed the directed verdict against the plaintiff on the grounds that a fact question existed as to whether plaintiff was a seaman.  *Id.*   The district court granted summary judgment against the plaintiff and dismissed his Jones Act claim on the basis that he was precluded from asserting a Jones Act claim after entering into a Section 8(i) settlement.  *Id.* at 424-425.

5.10.    In attempt to avoid summary judgment, the plaintiff in *Sharp* cited *Southwest Marine v. Gizoni*, 502 U.S. 81, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991).   In *Southwest Marine*, the United States Supreme Court reasoned that the LHWCA and Jones Act are mutually exclusive statutory compensation regimes and that a maritime worker is limited to LHWCA remedies only if no genuine fact issue exists as to whether he is a Jones Act seaman. *Southwest,* 112 S.Ct. at 492.   The *Southwest Marine* court also stated that it found no indication in the LHWCA that Congress intended to preclude or stay traditional Jones Act suits. *Id at 493.*   The

language of *Southwest Marine* that was of primary importance to the *Sharp* court was the following language:

> It is by now "universally accepted" that an employee who receives voluntary payments under the LHWCA without a ***formal award*** is not barred from subsequently seeking relief under the Jones Act … This is so, quite obviously, because the question of coverage has never actually been litigated. Moreover, the LHWCA clearly does not comprehend such a preclusive effect, as it specifically provides that any amounts paid to an employee for the same injury, disability, or death pursuant to the Jones Act shall be credited against any liability imposed by the LHWCA.

*Southwest Marine,* 112 S.Ct. at 493-494 (emphasis added).

5.11.    However, the defendant in *Sharp* distinguished *Southwest Marine* on the grounds that a Section 8(i) settlement constitutes a "formal award." *Sharp*, 973 F.2d at 426.   The *Sharp* court agreed that a Section 8(i) settlement constitutes a "formal award" and affirmed the district court's summary judgment dismissing plaintiff's Jones Act claim. *Id.* The *Sharp* court explained,

> Here, though, Sharp obtained a settlement agreement and a compensation order issued by the ALJ. We have treated such an agreement and order as a "formal award." *See Newkirk v. Keys Offshore*, 782 F.2d 499, 501–02 (5th Cir.1986); *see also Rodriguez v. Compass Shipping Co.*, 617 F.2d 955, 958–59 (2d Cir.1980), aff'd, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981).
>
> …
>
> It follows that where the ALJ issues a compensation order ratifying a settlement agreement, a "formal award" should be deemed to have been made under *Gizoni*, and the injured party no longer may bring a Jones Act suit for the same injuries.

*Id.* at 426.

5.12.    In the present case, Plaintiff filed a claim for LHWCA benefits and collected a total amount of $64,542.73 from Intervenor AIIC, the LHWCA carrier for Gulf Coast Welding Contractors, LLC.   Plaintiff entered into a Section 8(i) Settlement pursuant to the LHWCA,

which was approved by the Department of Labor.  Under the precedent of *Sharp*, this settlement constitutes a "formal award" that precludes a claim by Plaintiff under the Jones Act.

5.13.    Plaintiff may argue that *Sharp* is distinguishable because Plaintiff is not asserting a Jones Act claim against his employer or his employer's LHWCA carrier, and that *Sharp*'s holding as to the preclusive effect of a Section 8(i) settlement on a Jones Act claim only applies to the plaintiff's employer.  This argument is nevertheless fatal to plaintiff's Jones Act claim because it necessarily asserts that Plaintiff was not employed by Defendant Magical Cruise, and, therefore, necessarily asserts that he was not a crewmember (i.e., seaman) of the vessel.

5.14.    Even more, however, there are several relevant admissions contained in the 8(i) settlement, including, but not limited to, the following:

1.  "He [Reymundo Mata] seeks compensation and other benefits for injuries sustained on April 18, 2016, when, while performing services as a welder on a Disney cruise ship on the High Seas, he lacerated his left thumb while using a grinder"

2.  "This Section 8(i) settlement encompasses all above-described injuries and related sequelae from those injuries suffered by Claimant ***in the course and scope of his employment with Gulf Coast Welding Contractors, LLC*** ("Gulf Coast") on or about April 19, 2016, assigned to OWCP No. 07-308216."  (*emphasis added*)

3.  "The employer has furnished the employee with medical services in accordance with the provisions of Section 7 of the Act."

*See Exhibit 3, Plaintiff's LHWCA 8(i) Settlement*.

5.15.    By filing his LHWCA claim against Intervenor AIIC, Plaintiff admitted that he was an employee of Gulf Coast Welding Contractors, LLC and not a crewmember of Defendant Magical Cruise.  Only after collecting $64,542.73 in LHWCA benefits as an employee of Gulf Coast Welding Contractors, LLC, Plaintiff filed this lawsuit against Defendant Magical Cruise claiming that he was instead a crewmember (i.e., seaman) of Defendant Magical Cruise.  This is

an improper attempt to sidestep the LHWCA and the precedent of *Sharp*.  Accordingly, the Court must maintain federal diversity jurisdiction and deny Plaintiff's Motion to Remand.

**D. This case involves admiralty claims and therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C 1441.**

5.16   As an independent and alternative ground for removal, Defendant removed this case on the basis of federal question jurisdiction, 28 U.S.S. 1441.  See *Defendant Magical Cruise's Notice of Removal* (Dkt.1) Specifically, Plaintiff alleged claims against the Defendants for negligence, negligence per se, unseaworthiness and the general maritime law of the United States of America.  Pursuant to 28 U.S.C. § 1333, the district court has original jurisdiction over any civil action of admiralty or maritime jurisdiction.  See, e.g., *Ryan vs. Hercules Offshore, Inc.,* 945 F.Supp.2d 772 (S.D. Tex. 2013).  As Plaintiff points out in his Motion to Remand, other courts have disagreed with the *Ryan* opinion. However, other courts – particularly in the Southern District of Texas – have followed *Ryan* and applied the same reasoning in cases involving Jones Act and non-Jones Act claims.

5.16     In *Wells v. Abe's Boat Rentals Inc.,* 2013, CIV. A. H-13-1112, 2013 (S.D. Tex. June 18, 2013,), a plaintiff was hurt while transferring cargo from a ship.  He asserted a Jones Act claim against his employer and negligence claims under general maritime law against nonemployer defendants. After noting that Jones Act claims are rendered nonremovable by statute, the court turned to the general maritime law claims against the nonemployer defendants. *Id.* at p. 8. Finding that the earlier decision in *Ryan* was consistent with its own analysis of the case law, the court in *Wells* likewise held that the general maritime law claims against the nonemployer defendants were removable without regard to the citizenship of those defendants. *Id.* at pp. 10-11.

5.17    Because the evidence clearly establishes that Plaintiff was not a seaman, his negligence-related general maritime claims against Defendant Magical Cruise are within the exclusive admiralty jurisdiction of this court, and thus, federal questions under 28 U.S.C. 1441.

## VI.
## PRAYER FOR RELIEF

6.1.    **WHEREFORE, PREMISES CONSIDERED**, Defendant, **MAGICAL CRUISE COMPANY, LIMITED,** requests that the Court deny Plaintiff's Motion to Remand, and that the Court grant such other and further relief, both special and general, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By:     */s/ James H. Hunter, Jr.*
James H. Hunter, Jr.
Attorney-in-Charge
State Bar No. 00784311
Fed. ID No. 15703
E-Mail:  jim.hunter@roystonlaw.com
55 Cove Circle
Brownsville, Texas 78520
Tel:  956-542-4377
Fax:  956-542-4370
**ATTORNEY FOR DEFENDANT MAGICAL CRUISE COMPANY, LIMITED**

OF COUNSEL:

Esteban Delgadillo
State Bar No. 24087406
Fed. ID No. 2149087
esteban.delgadillo@roystonlaw.com
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377 (Telephone)
(956) 542-4370 (Facsimile

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY, that a true and correct copy of the above and foregoing document has been forwarded *via facsimile, Regular U.S. First Class Mail, certified mail, return receipt requested and/or E-Mail* to all counsel of record on this **29th** day of June 2017, as follows:

Michael Patrick Doyle
Patrick M. Dennis
Jeffrey I. Avery
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Tel: (713) 571-1146
Fax: (713) 571-1148
Email: service@doylelawfirm.com
*Attorneys for Plaintiff,*
*Reymundo Mata*

Robert M. Browning
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Tel: 713-629-1580
Fax: 713-629-5027
Email: rbrowning@brownsims.com
*Attorneys for Defendant,*
*Standard Marine & Ship Repair, LLC*

John C. Elliott
12727 Kimberley Lane, Suite 302
Houston, Texas 77024
Tel: (713) 465-7395
Fax: (713) 465-0845
Email: jelliott@sbsblaw.com
*Attorneys for Intervenor,*
*American Interstate Insurance Company*

　　　　　　　　　　*/s/ James H. Hunter, Jr.*
　　　　　　　　Royston, Rayzor, Vickery & Williams, LLP